# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**INES DELGADO,**

**Plaintiff,**

**-vs-** **Case No. 6:05-cv-759-Orl-28JGG**

**CARRIZO PAINTING AND SERVICES CORP., JOSE R. CARRIZO,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on two Court orders [Docket Nos. 19, 23] regarding Plaintiff's failure to comply with the Court's pretrial scheduling order and a motion to withdraw as counsel for Plaintiff [Docket No. 24].

### I. THE LAW

#### A. Sanctions

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party and award reasonable expenses under certain circumstances. Fed. R. Civ. P. 16(f) provides:

> If a party or party's attorney fails to obey **a scheduling or pretrial order**, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37 (b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney

representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16 (bold emphasis added). Fed. R. Civ. P. 37 (b)(2) provides, in relevant part, that the Court may issue:

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Fed. R. Civ. P. 37 (b)(2)(B)-(D).

A trial court is justified in dismissing an action under Rule 16 (f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The sanctions contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See id.*

**B. Default for Failure to File Responsive Pleading**

Rule 55(a) of the Federal Rules of Civil Procedure provides that the clerk shall enter default against a party when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The provisions of Rule 55 apply to all parties, including plaintiffs against whom counterclaims are asserted. Fed. R. Civ. P. 55(d).

A plaintiff must reply to a counterclaim within twenty days after service of the defendant's answer. Fed. R. Civ. P. 12(a)(1)(B)(2). If the plaintiff has filed a motion in response to the

counterclaim, the reply is due within ten days after the court's action on the motion. Fed. R. Civ. P. 12(a)(4)(A).

When no responsive pleading has been timely filed within the time provided by Rule 12(a), the opposing party shall "promptly" apply to the Clerk for an entry of default under Rule 55(a) and proceed "without delay" to apply for a default judgment. Local Rule 1.07(b). If no motion for entry of default and default judgment has been filed within sixty days after service of the pleading requiring a response, "the case shall be subject to dismissal . . . without notice and without prejudice." *Id.*

### C. Leave to Withdraw as Counsel

The Local Rules govern procedure for withdrawing as counsel. Local Rule 2.03 states that an attorney may not withdraw after making a general appearance in a case, except by written leave of the Court after giving ten days notice to the client and opposing counsel. Local Rule 2.03(b).

## II. APPLICATION

On May 19, 2005, Plaintiff Ines Delgado filed a complaint alleging Defendants Carrizo Painting and Services Corp. ("Carrizo Painting") and Jose R. Carrizo failed to pay her overtime wages and the minimum wage in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), and failed to compensate her as agreed in an employment contract. Docket No. 1. According to Plaintiff, Defendants Carrizo Painting (a Florida corporation "operating a housekeeping/painting service") and Carrizo ("the owner and/or officer" of Carrizo Painting) employed her as a housekeeper and painter from "November 17, 2004 to March 11, 2004 [sic]." *Id.* at 2.

Defendants filed their answer on July 21, 2005, denying the allegations and asserting counterclaims for fraud and unjust enrichment. Docket No. 8. According to Defendants, Plaintiff and

her husband and son arrived in Florida from Venezuela in November 2004. Docket No. 8 at 5, ¶ 6. Defendants claim that because Plaintiff and her husband told Carrizo that they did not have any money, Defendant Carrizo provided Plaintiff and her family with room, board, and use of his car as guests. Four or five months later, Carrizo discovered Plaintiff and her husband were sending "considerable amounts of money home to Venezuela" and demanded payment for lodging and board. *Id.* at 6, ¶ 13. Plaintiff refused, and she and her family moved out of Carrizo's home the following day. *Id.* at 7, ¶ 14.

On August 23, 2005, Plaintiff filed a motion to dismiss Defendants' counterclaims, which the Court denied on September 30, 2005. Docket Nos. 14, 17. Aside from the motion to dismiss, Plaintiff never replied or otherwise responded to the counterclaims. Defendants have not moved for entry of default or default judgment.

The Court entered an FLSA Scheduling Order in this case, ordering , *inter alia*, Plaintiff to file and serve answers to the Court's interrogatories within fifteen days of August 15, 2005, the date of the Scheduling Order. Docket No. 12 at 1-2, ¶ 2. In the Scheduling Order, the Court warned that it "expects strict adherence to these [Scheduling Order] deadlines" and that "[f]ailure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings." *Id.* at 3, ¶ 6. The Scheduling Order also stayed all discovery in the case. *Id.* at 3, ¶ 7.

On October 24, 2005, counsel for Plaintiff filed a "Notice of Intent to Withdraw as Counsel for Plaintiff, Ines Delgado," stating that "in ten days times [sic], Plaintiff, Ines Delgado's, counsel . . . shall request the Court's permission to withdraw as counsel for Plaintiff, Ines Delgado." Docket

No. 18. Aside from the motion to withdraw now before the Court (filed May 10, 2006), counsel for Plaintiff did not earlier request leave to withdraw as counsel.

Plaintiff did not file answers to the Court's interrogatories. On December 15, 2005, the Honorable John Antoon II ordered Plaintiff to show cause "why sanctions should not be imposed, to include dismissal of this case" for failure to file answers to the Court's interrogatories. Docket No. 19. On January 5, 2006, Plaintiff responded to the order to show cause. Docket No. 20. Plaintiff's counsel explained that he had sent the interrogatories to Plaintiff on August 17, 2005 and asked her to return them to his office no later than August 24, 2005. *Id.* at 1, ¶ 2. With no response from Plaintiff, Plaintiff's counsel called Plaintiff, who stated that she was in Venezuela and would send the answers by fax. *Id.* at 1, ¶3. As of January 5, 2006, Plaintiff had not sent answers to the Court's interrogatories. In the response to the December 15, 2005 show cause order, counsel for Plaintiff also pointed out that he had filed a notice of intent to withdraw as counsel "on or about October 24, 2004 [sic]" because Plaintiff was "uncooperative" and that "Plaintiff's counsel is unable to inform the Court when and if Plaintiff will ever provide any response to the Court Ordered Interrogatories." *Id.* at 2, ¶¶ 4-5.

On April 24, 2006, Judge Antoon considered Plaintiff's response to the December 15, 2005 show cause order, and ordered Plaintiff to "comply with this court's scheduling order within **fifteen** days from the date of this order or this case will be dismissed without further notice." Docket No. 23 (bold emphasis in original). Instead of filing answers to the Court's interrogatories, counsel for Plaintiff filed a motion to withdraw as counsel, requesting leave to withdraw as counsel for Plaintiff, and asking that the Court grant Plaintiff thirty days to obtain new counsel. Docket No. 24 at 4.

In the motion, counsel states that in August 2005, counsel contacted Plaintiff at her local telephone numbers, and was informed by another person that Plaintiff had moved to Venezuela. The person also provided counsel with Plaintiff's new address and telephone number in Venezuela. In September 2005, Plaintiff's counsel sent the Court's interrogatories to the new address with instructions to respond immediately to the interrogatories. *Id.* at 2, ¶ 4. On receiving no response, counsel sent Plaintiff a letter on October 24, 2005 informing her of his intention to withdraw as counsel.[1] *Id.*, ¶ 6. After receiving counsel's letter notifying Plaintiff of his intent to withdraw as counsel, Plaintiff sent counsel answers to the Court' interrogatories on February 6, 2006. *Id.* at 3, ¶ 7. Counsel states that he "has now filed the interrogatory answers, but wishes to proceed with its Motion to Withdraw due to continued problems with receiving timely communications with the Plaintiff."

Defendants filed their memorandum in opposition on May 17, 2006, noting that this case should be dismissed, as more than twenty days had passed since Judge Antoon's April 25, 2006 order and Plaintiff still had not filed her answers to the Court's interrogatories. Docket No. 25. The motion to withdraw, argue Defendants, is moot because "the action apparently has been dismissed by operation of the Court's April 24 Order." *Id.* at 2. Defendants make no argument that their counterclaims should remain pending after the requested dismissal of the case. *See id.*

Over eight months after the deadline for filing answers to the Court interrogatories, neither Plaintiff nor Plaintiff's counsel has filed answers to the Court's interrogatories (despite counsel's statement that he did), disregarding both this Court's Scheduling Order and the April 25, 2006 order

---

[1] Counsel for Plaintiff states that a copy of the letter to Plaintiff is attached as an exhibit to the motion to withdraw (Docket No. 24 at 2, ¶ 6), but no exhibits are attached the motion.

to comply with the Scheduling Order, and despite warnings that the case would be dismissed or other sanctions imposed. As discovery is stayed until the parties comply with all the requirements of the Scheduling Order, Plaintiff's failure to file the answers is unreasonably delaying this entire action.[2] This Court has never granted leave for Plaintiff's counsel to withdraw as counsel, and the filing of the motion to withdraw does not relieve counsel of his obligations to comply with this Court's orders and meet the deadlines in Scheduling Order and the Federal Rules of Civil Procedure.

In addition, over seven months after this Court denied Plaintiff's motion to dismiss Defendants' counterclaims, Plaintiff still has not filed a reply, and Defendants still have not moved for entry of default or default judgment. None of the parties seem interested in prosecuting the claims asserted in this case.

Accordingly, the undersigned **RECOMMENDS** that the Court:

1.) dismiss without prejudice Plaintiff's claims in the complaint (Docket No. 1) for failure to comply with the Scheduling Order and the Court's April 25, 2006 pretrial order;

2.) dismiss without prejudice Defendants' counterclaims in the answer (Docket No. 11) pursuant to Local Rule 1.07(b);

3.) deny as moot the motion to withdraw as counsel (Docket No. 24); and

4.) direct the Clerk to close the case.

[2]The filing of Plaintiff's answers to the Court's interrogatories is the first event that triggers the deadlines for several other events, including, *inter alia*, the deadline for counsel for Plaintiff and Defendants meet and confer for a settlement conference which could potentially settle all pending issues. *See* Docket No. 12 at 2, ¶ 3. Until all events are completed, discovery is stayed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 22, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy